THE STATE, DEFENDANT IN ERROR, v. ROBERT P. GEYER, PLAINTIFF IN ERROR.

Submitted March 27, 1911—Decided June 19, 1911.

Under section 184 of the Crimes act (*Pamph. L.* 1898, *p.* 844), which declares (*inter alia*) that any agent entrusted with the collection or care of moneys who shall fraudulently take or convert the same or any part thereof to his own use shall be guilty of a misdemeanor, it was *held,* that evidence tending to show that defendant, an attorney-at-law and solicitor in Chancery of this state, was employed by a married woman to defend her husband's suit for divorce; that acting as her agent he entered into negotiations with the husband for a settlement of her claim for alimony and her inchoate right of dower in the husband's real estate; that, without the wife's knowledge or consent, he made an agreement with the husband that if the latter would place in the solicitor's hands $5,000 for purposes of settlement with the wife, with $200 for traveling expenses, he, the defendant, would visit the wife and settle with her for as little as she was willing to take, and that as between the solicitor and the husband, the solicitor should be entitled to retain whatever was left of the money after satisfying the demands of the wife; that, pursuant to this arrangement, the money was placed by the husband in the hands of the solicitor; that the latter went to the residence of the wife and prevailed upon her to settle for $2,800; that of this sum the solicitor paid to her only $2,400, and would pay no more without a general release from her; and that while thus demanding a general release, he acknowledged to her or her representative that he owed her $400, but concealed the fact that he owed her at least $2,200 in addition. *Held,* to justify the trial court (sitting without a jury) in concluding that the defendant fraudulently converted $400 of his client's money to his own use, as charged in the indictment.

On error to the Supreme Court, whose opinion is reported in 51 *Vroom* 45.

For the plaintiff in error, *Albert Comstock.*

For the defendant in error, *Eugene Emley,* prosecutor of the pleas.

The opinion of the court was delivered by

PITNEY, CHANCELLOR.     The plaintiff in error was convicted in the Passaic Quarter Sessions of the crime of embezzlement, under section 184 of the Crimes act (*Pamph. L.* 1898, *p.* 844), which declares (*inter alia*) that any agent, entrusted with the collection or care of moneys, who shall fraudulently take or convert the same or any part thereof to his own use, shall be guilty of a misdemeanor.

The Supreme Court affirmed the conviction, and the record is now brought to this court for review.

. The case was tried by the judge of the Quarter Sessions, trial by jury having been waived. The only question now presented is whether there was any evidence to support the inference that the defendant fraudulently converted to his own use the money in question.

There was evidence tending to show that Emil Geering, a resident of Passaic county, instituted in the Court of Chancery a suit for divorce against his wife, who was resident in Switzerland; that the defendant, Geyer, then an attorney-at-law and solicitor in Chancery of this state, was employed by Mrs. Geering to defend the suit, and accepted such employment; that acting as her agent he entered into negotiations with the husband for a settlement of her claim for alimony and her inchoate right of dower in the husband's real estate; that, without the wife's knowledge or consent, Geyer made an agreement with Mr. Geering that if he, Geering, would place in Geyer's hands $5,000 for purposes of settlement with the wife, with $200 for traveling expenses, he, Geyer, would visit the wife in Switzerland and settle with her for as little as she was willing to take, and that Geyer should, as between him and Geering, be entitled to retain whatever was left of the $5,200 after satisfying the demands of Mrs. Geering; that pursuant to this arrangement Geering paid to Geyer the $5,200; that the latter went to Switzerland and prevailed upon Mrs. Geering to settle for $2,800, concealing from her the fact that a greater sum had been paid to him by Mr. Geering; that of the $2,800 he paid or accounted to her for only $2,400,

and would pay no more without a general release from her; that while thus demanding a general release he acknowledged to her or her representative that he owed her $400, but concealed the fact that he owed her at least $2,200 (probably $2,400) in addition.

It seems to us clear that this evidence justified the trial court in concluding that Geyer fraudulently converted $400 of his client's money to his own use, as charged in the indictment. Such was the conclusion reached by the Supreme Court; but that court in its opinion erroneously treated the case as if it had been tried by jury. We are not able to concur with the intimation contained in the opinion that Mrs. Geering's right to the $2,200, possession of which was concealed from her and in effect denied by Geyer, was any less clear than her right to the $400, which he admitted having in his possession. Nor can we at all agree that Geyer's conduct at the inception of this transaction was merely dishonorable, and ripened afterwards into actual dishonesty. According to the evidence upon which the conviction rests, the embezzlement was deliberately planned from the outset of the negotiations between Geyer and Mr. Geering.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BOGERT, VREDENBURGH, CONGDON, SULLIVAN, JJ. 10.